**CONGRESSIONAL SECURITIES, INC., David H. Zimmer Money Pur. Plan, Sherry M. Zimmer Money Pur. Plan, Sheldon L. Contract, DDS PA, Employees PSP DTD 9–17–87, David C. Diephouse, John Joseph, Bernard Klitzner, Sandra J. Lachance, Ella M. Leffer, Karen A. Merguerian, both personally, and as trustee of the Warren M. Merguerian Jr. DDS PA Profit Sharing Plan Dated 6–1–85, Warren M. Merguerian, both personally and as Trustee of the Warren M. Merguerian Jr. D.D.S. PA Profit Sharing Plan Dated 6–1–85; Warren Merguerian, Jr., DDS PA Profit Sharing Plan DTD 6–1–85, Jan B. Newman, Sandra Newman, William H. Ratcliffe, Jay M. Walshon, Petitioners,**

**David H. ZIMMER, both personally and as Trustee of Sherry M. Zimmer Money Purchase Plan, Sherry M. Zimmer, both personally and as Trustee of the David H. Zimmer Money Purchase Plan, Sheldon L. Contract, both personally and as trustee of Sheldon L. Contract DDS PA Employees PSP Dated 9/17/87, Hariet E. Contract, both personally and as trustee of Sheldon L. Contract DDS PA Employees PSP, Dated 9/17/87, Youness Hendifar, Mahnaz Hendifar, Martin Newman, Petitioners–Appellants,**

v.

**FISERV CORRESPONDENT SER-
VICES, INC., Respondent–Ap-
pellee.**

Docket Nos. 03–7943(L), 03–7945(CON),
03–7947(CON), 03–7953(CON) and
03–7955(CON).

United States Court of Appeals,
Second Circuit.

June 17, 2004.

David H. and Sherry M. Zimmer, pro se, Boca Raton, FL., Sheldon L. and Harriet E. Contract, pro se, Washington, D.C., Youness and Mahnaz Handifar, pro se, Potomac, MD., Martin Newman, pro se, Waterford, MI, for Appellants.

Steven D. Plissey, Sherman & Howard, L.L.C., Denver, CO, for Appellees.

Present: MINER, POOLER, Circuit Judges, and GOLDBERG, Judge.*

SUMMARY ORDER

Petitioners–Appellants appeal a judgment that denied their motion to vacate an arbitration award and granted respondent's motion to confirm the award. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues.

We may "vacate an arbitration award only in [the] limited circumstances" described in 9 U.S.C. § 10(a). *Tempo Shain Corp. v. Bertek, Inc.,* 120 F.3d 16, 19 (2d Cir.1997). As relevant to this appeal, Section 10(a)(3) provides for vacatur if "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." " 'The misconduct must amount to a denial of fundamental fairness

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

of the arbitration proceeding in order to warrant vacating the award.'" *Tempo Shain,* 120 F.3d at 20 (citing and quoting *Transit Cas. Co. v. Trenwick Reinsurance Co.,* 659 F.Supp. 1346, 1354 (S.D.N.Y. 1987), *aff'd mem.,* 841 F.2d 1117 (2d Cir. 1988)). The arbitration panel's refusal to grant petitioners a second adjournment requested shortly before a long scheduled hearing did not deny petitioners "fundamental fairness" because (1) the panel previously had granted a lengthy adjournment over respondent's objection and (2) petitioners made only a speculative and unspecific showing of need for the adjournment. We therefore affirm the judgment of the district court.